UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Bradley Larson,

                                  Plaintiff,

v.

Nationwide Agribusiness Insurance Co.,

                                  Defendant.

Civ. No. 12-1290 (RHK/FLN)
**MEMORANDUM OPINION AND ORDER**

---

Charles James Suk, Suk Law Firm, Ltd., Rochester, Minnesota, Wilbur W. Fluegel, Fluegel Law Office, Minneapolis, Minnesota, for Plaintiff.

Lawrence J. Skoglund, Nicholas H. Jakobe, Erstad & Riemer, P.A., Minneapolis, Minnesota, for Defendant.

---

## INTRODUCTION

This action arises out of a collision between a truck, driven by Plaintiff Bradley Larson and owned by his employer, and a train. Larson commenced a negligence action in state court against multiple parties who, he alleged, were responsible for the dangerous condition that caused the collision. That lawsuit settled, but the tortfeasors' insurance was insufficient to cover the damages Larson sustained. He then filed the instant action against his employer's insurer, Defendant Nationwide Agribusiness Insurance Co. ("Nationwide"), seeking underinsured motorist ("UIM") benefits to cover the balance. Nationwide now moves for summary judgment on Larson's claim. For the reasons set forth below, the Court will grant the Motion.

## BACKGROUND

The following facts are undisputed. On May 9, 2007, Robert Thompson was hauling a tank containing 850 gallons of fertilizer on County Road 21 west of Bricelyn, Minnesota. While crossing the railroad tracks, the fertilizer tank ruptured, spilling its contents onto the road. Thompson called Timothy Gudal, his employer and the truck's owner, who in turn notified the Minnesota Pollution Control Agency and arranged to have Faribault County spread sand over the spill to absorb it. Two Faribault County employees covered the spill with sand and then placed orange flags at both ends of the spill before leaving.

On that same day, Larson was driving on County Road 21, transporting loads of corn for his employer. His route required him to pass over the railroad tracks where the fertilizer had been spilled. As he came over a hill heading toward the tracks, he saw a train approaching and attempted to brake, just as he passed over the stretch of road covered in fertilizer and sand. However, he was unable to stop in time and collided with the train. He was very severely injured in the accident, incurring over $2 million in medical bills.

On May 5, 2009, Larson served a summons and complaint on Thompson, alleging that Thompson had negligently caused the fertilizer spill and, therefore, Larson's collision. (Skoglund Aff. Ex. E.) On June 16, 2009, he filed the summons and complaint against Thompson with the Faribault County District Court. (Id. Ex. Q.) On December 30, 2009, he amended his Complaint to add Gudal, Thompson's employer, as a co-

defendant. (Id. Ex. F.) Larson eventually settled his claims against Thompson and Gudal for their liability insurance limits of $500,000. (Compl. ¶ 13–14.)

Larson then filed the instant action against Defendant Nationwide on May 30, 2012, alleging that Thompson and Gudal were not adequately insured and seeking payment under his employer's UIM policy. Nationwide now moves for summary judgment, arguing that (1) the suit is untimely under the provisions of the insurance policy (the "Policy"), (2) Larson voluntarily released all of his claims against Nationwide stemming from this collision, and (3) he cannot establish a prima facie case of negligence against Thompson and Gudal as required. The Motion has been fully briefed, the Court held a hearing on January 4, 2013, and the Motion is now ripe for disposition.

## STANDARD OF DECISION

Summary judgment is proper if, drawing all reasonable inferences in favor of the nonmoving party, there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Celotex Corp. v. Catrett, 477 U.S. 317, 322–23 (1986). The moving party bears the burden of showing that the material facts in the case are undisputed. Id. at 322; Whisenhunt v. Sw. Bell Tel., 573 F.3d 565, 568 (8th Cir. 2009). The Court must view the evidence, and the inferences that may be reasonably drawn from it, in the light most favorable to the nonmoving party. Weitz Co., LLC v. Lloyd's of London, 574 F.3d 885, 892 (8th Cir. 2009); Carraher v. Target Corp., 503 F.3d 714, 716 (8th Cir. 2007). The nonmoving party may not rest on mere allegations or denials, but must show through the presentation of admissible evidence that specific facts exist creating a genuine issue for trial. Anderson v. Liberty

3

Lobby, Inc., 477 U.S. 242, 256 (1986); Wingate v. Gage Cnty. Sch. Dist., No. 34, 528 F.3d 1074, 1078–79 (8th Cir. 2008).

## ANALYSIS

**I.    Timeliness Under the Terms of the Policy**

Nationwide first argues that the instant action is now barred as untimely under the terms of the Policy. The Policy limits the time in which Larson may bring an action against Nationwide as follows:

> b.    Any legal action against us under this Coverage Form must be brought within two years after the date of the "accident". However, this Paragraph . . . does not apply if, **within two years after the date of the "accident", the "insured" has filed an action for "bodily injury" against the owner or operator of a [underinsured motor vehicle], and such action is**:
>
> (1) **Filed in a court of competent jurisdiction**; and
>
> (2) Not barred by the applicable state statute of limitations.

(Skoglund Aff. Ex. B, at 74 (emphases added).) Before assessing whether Larson satisfied this clause in the Policy, the Court must first determine whether the clause is valid.

**A.    Enforceability of the Policy's Limitations Clause**

The parties propose that either Minnesota or Iowa law applies to the interpretation of the Policy, but because the Court concludes that the limitations clause is valid under either, it need not decide the issue. See Nodak Mut. Ins. Co. v. Am. Family Mut. Ins. Co., 604 N.W.2d 91, 94 (Minn. 2000) (choice-of-law analysis only necessary if it "will determine the outcome of the case"). Under Minnesota law, an insurance policy is

4

allowed to "bar an untimely suit if the clause does not conflict with a specific statute and if the limitation period provided for is not unreasonable in length." L & H Transp., Inc. v. Drew Agency, Inc., 403 N.W.2d 223, 225 (Minn. 1987) (citing Henning Nelson Constr. Co. v. Fireman's Fund Am. Life Ins. Co., 383 N.W.2d 645, 650–51 (Minn. 1986)). Under Iowa law, "parties may agree to a modification of statutory time limitations" as long as it "allow[s] the insured a reasonable period to sue for the policy benefits." Robinson v. Allied Prop. & Cas. Ins. Co., 816 N.W.2d 398, 402 (Iowa 2012).

The Policy provided Larson two years to either bring his claim against Nationwide or file an action for bodily injury against a tortfeasor. Larson does not dispute the reasonableness of the two-year limitation, and both Minnesota and Iowa courts have upheld similar (or more restrictive) clauses. See e.g., Robinson, 816 N.W.2d at 402 (two-year limitation reasonable); Douglass v. Am. Family Mut. Ins. Co., 508 N.W.2d 665, 667 (Iowa 1993) (two-year limitation reasonable), overruled on other grounds by Hamm v. Allied Mut. Ins. Co., 612 N.W.2d 775 (Iowa 2000); L & H Transp., 403 N.W.2d at 226 (one-year limitation reasonable); Hayfield Farmers Elevator & Mercantile Co. v. New Amsterdam Cas. Co., 282 N.W. 265, 269 (Minn. 1938) (one-year limitation reasonable); but see, e.g., Faeth v. State Farm Mut. Auto. Ins. Co., 707 N.W.2d 328 (Iowa 2005) (time limitation unreasonable where tortfeasor became insolvent more than two years after accident); Henning, 383 N.W.2d at 650 (one-year limitation unreasonable where coverage was not denied until after more than a year after the loss).

Instead, Larson argues that the clause is unenforceable under Minnesota law because it conflicts with Minnesota's statutes—specifically, the statute of limitations. It

5

is true that the Policy required him to bring a claim sooner than Minnesota's six-year statute of limitations would have. However, "[i]t is generally held that contracts stipulating a limited time within which an action may be brought thereon are valid unless unreasonable. . . . *even though the period fixed is at variance with statutory limitations*." Hayfield Farmers, 282 N.W. at 269 (emphasis added).

Larson also argues that the limitations clause is unenforceable under Iowa law because it is ambiguous. He likens the Policy's language to the language interpreted in Hamm v. Allied Mutual Insurance Co., 612 N.W.2d 775, 784 (Iowa 2000). In Hamm, the court held that the insurance policy's language was ambiguous as to both the length of the limitations period and when that period began. Id. In contrast, the Policy language at issue here clearly states that Larson has "two years after the date of the 'accident'" to bring an action against Nationwide or file an action against the driver or owner of another vehicle involved. This explicitly states the length of the limitations period (two years) and when the period began (the date of Larson's accident—May 9, 2007). The Court "will not 'write a new contract of insurance between the parties' where there is no ambiguity." Cairns v. Grinnell Mut. Reinsurance Co., 398 N.W.2d 821, 824 (Iowa 1987) (citing Stover v. State Farm Mut. Ins. Co., 189 N.W.2d 588, 591 (Iowa 1971)).

Having concluded that the Policy's two-year limitations clause is enforceable under either Minnesota or Iowa law, the Court next examines whether Larson satisfied its terms.

**B.     Larson's Timeliness Under the Policy**

The Policy language is clear.  It provides that, in order for Larson to have a valid claim against Nationwide, he must have either "brought" a legal action against Nationwide within two years after the date of the accident or "filed [an action] in a court of competent jurisdiction" within that time.  (Skoglund Aff. Ex. B, at 74.)  The record reflects that Larson did neither.

Larson did not bring this action against Nationwide within two years after the date of the accident, which occurred on May 9, 2007.  So this action is only viable under the terms of the Policy if the underlying action against Thompson and Gudal was "filed in a court of competent jurisdiction" by May 9, 2009.  Although Larson commenced the action by serving Thompson with a summons and complaint before that date, he did not *file* it with a court until June 16, 2009.  Courts have repeatedly recognized that commencing an action and filing an action are separate events in Minnesota.  See, e.g., Twin Cities Gaming Supplies, Inc. v. FortuNet, Inc., Civ. No. 09-2290, 2010 WL 391294, at *2 (D. Minn. Jan. 25, 2010) (Montgomery, J.); McKenzie v. Lunds, Inc., 63 F. Supp. 2d 986, 1001 (D. Minn. 1999) (Tunheim, J.); Wallin v. Minn. Dept. of Corr., 598 N.W.2d 393, 400 (Minn. Ct. App. 1999).

Although the result in this case may be harsh, the Policy's language is unambiguous.  It specifies that an action against a tortfeasor must be "filed in a court of competent jurisdiction" within two years—not "served," "brought," or "commenced."  And when language in an insurance contract is unambiguous, the Court must apply it according to its plain meaning.  See, e.g., Firemen's Ins. Co. of Newark, N. J. v. Viktora,

7

318 N.W.2d 704, 706 (Minn. 1982) ("Where the language [of an insurance contract] is unambiguous, we will not render a construction which is more favorable to finding coverage but will apply the phrase to the facts of the case in order to give effect to the plain meaning of the language."); Acceptance Ins. Co. v. U.S. Fire Ins. Co., 471 N.W.2d 791, 793 (Iowa 1991) ("Clear and unambiguous language of insurance policies must be given its plain meaning."). Larson failed to comply with the terms of the Policy, and, accordingly, his action against Nationwide must be dismissed as untimely.

## CONCLUSION

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS ORDERED** that Nationwide's Motion for Summary Judgment (Doc. No. 10) is **GRANTED** and Larson's Complaint (Doc. No. 1) is **DISMISSED WITH PREJUDICE**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Date:  January 31, 2013

                                          s/Richard H. Kyle
                                          RICHARD H. KYLE
                                          United States District Judge